# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Opinion on Remand from the Supreme Court of Tennessee

## STATE OF TENNESSEE v. VANESSA RENNEE PINEGAR

**Appeal from the Circuit Court for Warren County**
**No. F-14256    Larry B. Stanley, Jr., Judge**

_____

**No. M2015-02403-CCA-R3-CD – Filed May 16, 2017**

_____

The defendant, Vanessa Rennee Pinegar, appealed her convictions of one count of facilitation of delivery of 0.5 or more grams of cocaine within a drug-free school zone and two counts of attempted delivery of 0.5 or more grams of cocaine within a drug-free school zone, challenging the denial of her motion to sever the trial of the defendants, certain evidentiary rulings, the jury instructions, the sufficiency of the evidence, and her effective nine-year sentence. This Court affirmed the convictions and sentence. The defendant filed an application for permission to appeal to our Supreme Court. The Tennessee Supreme Court granted the application and remanded the case to this Court for reconsideration of sentencing in light of *State v. Gibson*, 506 S.W.3d 450 (Tenn. 2016). Upon reconsideration, we vacate the defendant's enhanced sentences under the Drug-Free School Zone Act and remand the matter to the trial court for further proceedings consistent with this opinion. In all other respects, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part, Reversed in Part; Case Remanded**

J. ROSS DYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J. and ROBERT H. MONTGOMERY, JR., J., joined.

John P. Partin, District Public Defender; Ricky L. Stacy, Assistant Public Defender, for the appellant, Vanessa Renee Pinegar.

Herbert H. Slatery III, Attorney General and Reporter; Andrew Craig Coulam, Assistant Attorney General; Lisa Zavogiannis, District Attorney General; and Justin Walling, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION ON REMAND**

This Court's prior opinion contains a detailed recitation of the facts of this case, and there is no need to reiterate them in this opinion. *State of Tennessee v. Vanessa Renee Pinegar*, No. M2015-02403-CCA-R3-CD, 2016 WL 6312036, at \*1-3 (Tenn. Crim. App. Oct. 28, 2016). In our prior opinion, we affirmed the defendant's convictions for facilitation of delivery of 0.5 or more grams of cocaine within a drug-free school zone and attempted delivery of 0.5 or more grams of cocaine within a drug-free school zone. *Id*. at \*7-16. We further affirmed the trial court's imposition of an effective sentence of nine years with a mandatory eight years in confinement. *Id*. at \*17. Pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure, the defendant subsequently filed an application for permission to appeal to the Tennessee Supreme Court asserting, in part, the trial court erred when classifying the defendant's convictions for facilitation of delivery and attempted delivery of 0.5 or more grams of cocaine within a drug-free school zone as Class B felonies requiring 100 percent service of the minimum sentence. In support of this argument, the defendant relied on *State v. Gibson*, 503 S.W.3d 450 (Tenn. 2016), a Tennessee Supreme Court opinion issued subsequent to our prior opinion in this case wherein the Supreme Court held the increased felony classification under the Drug-Free School Zone Act does not apply to a conviction for facilitation, abrogating *State v. Charles Lincoln Faulkner*, No. E2006-02094-CCA-R3-CD, 2008 WL 2242531 (Tenn. Crim. App. June 2, 2008). Our Supreme Court accepted the application and remanded the case back to the Court of Criminal Appeals for reconsideration of the sentences for all counts in light of *Gibson.*

In *Gibson*, our Supreme Court considered whether the Drug-Free School Zone Act, Tennessee Code Annotated section 39-17-432, applies when a defendant is convicted of facilitation of an offense listed in Tennessee Code Annotated section 39-17-417. In doing so, it looked at the plain language of the Act, first noting its stated intent was to "'create drug-free zones for the purpose of providing vulnerable persons in this state an environment in which they can learn, play and enjoy themselves without the distractions and dangers that are incident to the occurrence of illegal drug activities[,]'" so "[t]he legislature determined that the 'enhanced and mandatory minimum sentences' required by the Act are necessary 'to serve as a deterrent to such unacceptable conduct.'" Tenn. Code Ann. § 39-17-432(a). With respect to the enhanced sentence, the Act then provides:

> (b)(1) A violation of § 39-17-417, or a conspiracy to violate the section, that occurs on the grounds or facilities of any school within one thousand feet (1,000') of the real property that comprises a public or private elementary school . . . shall be punished one (1) classification higher than is provided in § 39-17-417(b) – (i) for such violation. . . .

(c) Notwithstanding any other law or the sentence imposed by the court to the contrary, a defendant sentenced for a violation of subsection (b) shall be required to serve at least the minimum sentence for the defendant's appropriate range of sentence. Any sentence reduction credits the defendant may be eligible for or earn shall not operate to permit or allow the release of the defendant prior to full service of the minimum sentence.

Tenn. Code Ann. § 39-17-432(b)(1), (c).

The Supreme Court found this language to be clear and unambiguous and that "[b]y its very wording, the statute applies only to a violation of, or a conspiracy to violate, Tennessee Code Annotated section 39-17-417." *Gibson*, 506 S.W.3d at 456. Applying the basic principles of statutory construction, the Supreme Court held that the trial court erred when applying the Act to increase the felony classification of the defendant's facilitation conviction, stating:

Facilitation is not an enumerated offense that falls within the ambit of the Drug–Free School Zone Act. *See* [*State v.*] *Fields*, 40 S.W.3d at 439-40[, (Tenn. 2001)]. We are not free to alter, amend, or depart from the words of the statute. *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 803 (Tenn. 2000). The courts "must be circumspect about adding words to a statute that the General Assembly did not place there." *Coleman v. State*, 341 S.W.3d 221, 241 (Tenn. 2011). We cannot add facilitation to the list of offenses subject to sentencing under the Act and extend its scope beyond the clear intent of the General Assembly. Therefore, we hold that the trial court erred in applying the Act to increase the felony classification of Mr. Gibson's facilitation conviction.

*Id*.

The Court went on to explain:

The Court of Criminal Appeals, in holding that the Act applies to a conviction for facilitation, relied on its decision in *State v. Faulkner*, [No. E2006-02094-CCA-R3-CD,] 2008 WL 2242531, at *16 [(Tenn. Crim. App. June 2, 2008)], where the defendant was charged with selling and delivering a controlled substance within 1000 feet of a school. The Court of Criminal Appeals ruled that the trial court did not err in instructing the jury on the lesser-included offenses of attempt and facilitation. *Faulkner* is factually distinguishable and not dispositive of the issues in this case.

However, the dicta in *Faulkner*, stating that the Act applies to the offense of facilitation, is inaccurate.

*Id*. at 456-57. When noting *Faulkner* to be factually distinguishable from *Gibson*, our Supreme Court included a footnote clarifying that "[t]he issue of whether the Drug-Free School Zone Act applies to a conviction for attempt of any of the offenses proscribed by Tennessee Code Annotated section 39-17-417 is not presented in this case." *Id*. at 457 n.3.

Here, the jury found the defendant guilty of one count of facilitation of possession with intent to deliver 0.5 grams or more of cocaine within a drug-free school zone and two counts of attempt to deliver 0.5 grams or more of cocaine within a drug-free school zone. At the sentencing hearing, the trial court merged the attempted delivery convictions because they arose out of the same transaction and found the defendant was to be sentenced as a Range I standard offender. Both facilitation of possession with intent to deliver 0.5 grams or more of cocaine and attempt to deliver 0.5 grams or more of cocaine are Class C felonies. Tenn. Code Ann. § 39-17-417(c)(1); Tenn. Code Ann. § 39-11-403(b); Tenn. Code Ann. § 39-12-107(a). Because these felonies occurred in a drug-free school zone, the trial court enhanced the convictions to Class B felonies and imposed a within range concurrent sentence of nine years for both, with a mandatory minimum period of incarceration of eight years. *See* Tenn. Code Ann. § 40-35-112(a); Tenn. Code Ann. § 39-17-432(c).

Pursuant to *Gibson*, the Drug-Free School Zone Act does not apply to the defendant's facilitation conviction. *Gibson*, 506 S.W.3d at 458. Accordingly, the trial court erred when classifying the defendant's facilitation conviction as a Class B felony and requiring 100 percent service of the minimum sentence. *Id*. We vacate the sentence imposed for the defendant's conviction of facilitation and remand the case for resentencing as a Class C felony.

Based on the Supreme Court's rationale in *Gibson*, we are constrained to find *Gibson* also excludes the defendant's criminal attempt to deliver convictions from the reach of the Drug-Free School Zone Act. Our Supreme Court found the Act's language to be clear and unambiguous, so it could not expand the clear intent of the Act to include facilitation. *Id*. at 457. While *Gibson* did not address whether the Act applies to convictions for attempt, attempt is also not an enumerated offense included by the legislature in the Act. *Id*. Therefore, applying the same analysis used by our Supreme Court in *Gibson*, attempt also does not fall within the reach of the Act's enhanced sentencing mandates. Accordingly, the trial court erred when classifying the defendant's attempt to deliver conviction as a Class B felony and requiring 100 percent service of the

minimum sentence. *Id*. We vacate the sentence imposed for the defendant's conviction of attempt to deliver and remand the case for resentencing as a Class C felony.

*Conclusion*

Upon reconsideration of this case in light of *Gibson*, we vacate the sentences imposed for facilitation of delivery of 0.5 grams of cocaine or more in a drug-free school zone and attempted delivery of 0.5 grams or more of cocaine in a drug-free school zone. This matter is remanded to the trial court for proceedings consistent with this opinion.

_____
J. ROSS DYER, JUDGE